

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 4, 1957

Honorable Louis Dugas, Jr.
Chairman, Contingent Expense Committee
House of Representatives
Austin, Texas

Opinion No. WW-148

Re: Do the provisions of House Simple
Resolution No. 516, and House
Simple Resolution No. 522 of the
55th Legislature, affect the
opinion of the Attorney General
as to the constitutionality of
House Simple Resolution No. 284
of the 55th Legislature as ex-
pressed in Attorney General's
Opinion WW-131.

Dear Mr. Dugas:

This opinion is in response to your letter of May 23,
1957, in which you make the following statement:

"In view of your recent opinion, No. WW-131
regarding the constitutionality of House Simple
Resolution No. 284, the Members of the Contengent
Expense Committee respectfully request an offi-
cial opinion of the above resolution in conjunc-
tion with the two added resolutions, H.S.R. No.
516 and H.S.R. No. 522, which have just been
passed."

House Simple Resolution No. 516 reads as follows:

"BE IT RESOLVED by the Texas House of Repre-
sentatives, That the words 'official telephone
calls' as used in House Simple Resolution No. 284
shall be construed to mean only those calls which
are made necessary by the fact that the person
making such call is a Member of the House of Rep-
resentatives, and which such Member deems neces-
sary to the proper carrying out of his duties as
a Member of the House of Representatives; and,
be it further

"RESOLVED, that no Member of the House of
Representatives shall be deprived of the right
to use his official toll credit telephone card,
except by a majority vote of the Members of the
Contingent Expense Committee."

House Simple Resolution No. 522 reads as follows:

"BE IT RESOLVED by the Texas House of Rep-
resentatives, That the use of telephones for
official calls, as prescribed by HSR No. 284, is
declared to be in the public interest, and to be
necessary to the proper conduct of the business
of the House of Representatives during the in-
terim."

House Simple Resolution No. 284 reads as follows:

"BE IT RESOLVED by the Texas House of Rep-
resentatives, That the Committee on Contingent
Expense be directed to appropriate from the
Contingent Expense Fund whatever sums shall be
necessary to pay for official telephone calls
by Members of the House of Representatives dur-
ing the Interim, beginning immediately following
sine die adjournment of the Fifty-fifth Legisla-
ture and ending at the convening of the Fifty-
sixth Legislature. It is provided, however, that
no Member shall be allowed more than Twelve Dol-
lars ($12) monthly for telephone calls, and it is
further provided that no telephone expense other
than officials calls which are properly charged
to the Member's official toll credit cards shall
be paid by the Committee. The Contingent Expense
Committee shall make any necessary rules or regu-
lations concerning interim telephone calls of
Members and shall have full authority to enforce
such rules in whatever manner they deem necessary
or advisable."

Attorney General's Opinion No. WW-131 (1957) in
holding that House Simple Resolution No. 284 of the 55th Leg-
islature is unconstitutional and an unlawful use of State
Funds, cites Attorney General's Opinion No. MS-43 (1953) and
Attorney General's Opinion No. O-3778 (1941). These opinions
conclude that the expenses incurred as a result of the activi-
ties of the Legislature may properly be divided into two cate-
gories, "Legislative" and "Personal".

Attorney General's Opinion No. 0-3778 (1941) defines these categories as follows:

"It is believed that the matter of Legislative and personal expense may be rationalized as follows.  Legislative expense is that incident to the workings of the Legislature as an actual law-making body, as a whole, as the Legislature itself, when in session; through a special committee delegated by the Legislature while in session to work on a legislative matter between sessions; through personnel employed to close matters after adjournment; or through employees maintained between sessions for the care of the legislative halls or for maintenance of a central office or clearing house for legislative matters between sessions.  These expenses are for the mutual benefit of all members -- for the Legislature itself.

"Personal expense, on the other hand, is that incurred, or which may be incurred, by a Member between sessions working under his own will, in his own discretion and as a matter of individual enterprise -- not as a part of the Legislature in session  or under extraordinary assignment from the body between sessions.

"If, therefore, an allowance of expenses to individual members of the Legislature during a session, or while on a committee assignment between sessions, is presumptively legislative expense, it does not follow that an expense allowance to each member indiscriminately between sessions is likewise so.  To the contrary, in our opinion the latter is presumptively personal expense.

"Essentially this view is grounded upon the historical and constitutional concept of a State legislative office, together with the practical workings of the constitutional methods with reference thereto, and the discernible weight of the cases in support of such conclusion."

It is our opinion that the above quoted portions of Attorney General's Opinion No. 0-3778 (1941) correctly state the law regarding this matter.  It is, therefore, our opinion that the inclusion of the statement, from House Simple Resolution No. 516,

". . . That the words 'official telephone calls'
as used in House Simple Resolution No. 284 shall
be construed to mean only those calls which are
made necessary by the fact that the person making
such call is a Member of the House of Representa-
tives, and which such Member deems necessary to
the proper carrying out of his duties as a Member
of the House of Representatives; . . ."

and the statement from House Simple Resolution No. 522,

". . . That the use of telephones for official
calls, as prescribed by HSR No. 284, is declared
to be in the public interest, and to be necessary
to the proper conduct of the business of the House
of Representatives during the interim."

do not in any way alter our opinion concerning the constitution-
ality of House Simple Resolution No. 284 of the 55th Legisla-
ture.  If the expense does not occur under such circumstances
as to come within the definition of "legislative" expense, as
that term is defined above, then we believe that the additional
resolutions as contained in House Simple Resolution No. 516 and
House Simple Resolution No. 522 can not change the status of the
expense, and that the payment of the expense would be an unlaw-
ful use of State Funds.

## SUMMARY

The provisions of House Simple Resolution No.
516 and House Simple Resolution No. 522 of the 55th
Legislature, when construed in conjunction with the
provisions of House Simple Resolution No. 284 of
the 55th Legislature, do not in any way vary the
opinion of the Attorney General as to the constitu-
tionality of House Simple Resolution No. 284, as
expressed in Attorney General's Opinion No. WW-131
(1957).

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Wayland C. Rivers Jr.*
    Wayland C. Rivers, Jr.
    Assistant

WCR:pf:zt:wb

APPROVED:
OPINION COMMITTEE

H. Grady Chandler, Chairman
Will Davis
Robert O. Smith
Ed Cazares

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Geo. P. Blackburn